**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| 5738 OLD DIXIE LLC, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :  CIVIL ACTION NO. |
| | :  1:14-CV-2002-RWS |
| ASHLEY DOWNS, | : |
| | : |
| Defendant. | : |

## **ORDER**

This case is a dispossessory action originally filed in the Magistrate Court of Clayton . Defendant, proceeding *pro se*, is seeking to remove this state case to federal court. Magistrate Judge J. Clay Fuller entered an Order [2] granting Defendant's request to proceed *in forma pauperis*. The case was then submitted to the undersigned for review of Defendant's request for a temporary restraining order. Because this Court does not have original jurisdiction over the claim made in state court, Defendant's claims against Plaintiff are due to be dismissed, and this case should be remanded to the Magistrate Court of Clayton County pursuant to 28 U.S.C. § 1447(c).

AO 72A
(Rev.8/82)

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). But, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." § 1447©.

In removal cases, the party seeking removal has the burden to demonstrate that federal subject matter jurisdiction exists, Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1281 n.5 (11th Cir. 2001), and "uncertainties are resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. Absent diversity of citizenship, federal-question jurisdiction is required." Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).

For federal-question jurisdiction to exist, the complaint must present a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

> The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429 (citation omitted). Potential defenses involving the Constitution or laws of the United States are ignored. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6, 123 S. Ct. 2058, 2062 (2003). In addition, a counterclaim cannot serve as the basis for federal-question jurisdiction. Holmes Grp., Inc. v. Vornado Air Circulation Sys. Inc., 535 U.S. 826, 831, 122 S. Ct. 1889, 1894 (2002).

In this case, Defendant seeks to remove a dispossessory proceeding, [Doc. 1-1 at 6], which is fundamentally a matter of state law. Defendant does not contend that Plaintiff relied on any federal law in bringing the action before the Clayton County Magistrate Court. See 28 U.S.C. § 1446(a). Although Defendant alleges that Plaintiff violated 15 U.S.C. § 1692, and that the dispossessory action violated the Fourteenth Amendment of the United States Constitution, [Doc. 1-1 ¶¶ 1-3], a case may not be removed to federal court on the basis of a federal defense, see Caterpillar, 482 U.S. at 393, 107 S.

3

Ct. at 2430, or on the basis of a federal counterclaim.[1] See Vornado, 535 U.S. at 831-32, 122 S. Ct. at 1894. Thus, absent a federal question presented on the face of Plaintiff's well-pleaded complaint or evidence that warrants the application of an exception to the well-pleaded complaint rule, Defendant cannot properly remove this action on the basis of federal-question jurisdiction. Caterpillar, 482 U.S. at 393, 107 S. Ct. at 2430; see also Wachovia Mortg. Assoc. v. Lee, No. 1:11-CV-304-TWT-RGV, 2011 WL 976629, at *3 (N.D. Ga. Feb. 4, 2011) (recommending that dispossessory action be remanded to state court for lack of subject matter jurisdiction), report and recommendation adopted, 2011 WL 941351 (N.D. Ga. Mar. 17, 2011); Bank of N.Y. v. Wilson, No. 1:08-CV-332-TWT, 2008 WL 544741, at *2 (N.D. Ga. Feb. 25, 2008) (same); HSBC Mortg. Servs., Inc. v. Cunningham, No. 1:07-CV-2480-WSD-JFK, 2007 WL 3005337, at *2 (N.D. Ga. Oct. 12, 2007)(same).

Furthermore, there is no basis for diversity jurisdiction because Defendant indicates on the civil cover sheet that she and Plaintiff are both citizens of Georgia. [Doc. 1-2 at 1]. See 28 U.S.C. § 1332(a)(1) (providing that

---

[1] Defendant also alleges that Plaintiff violated Rule 60 of the Federal Rules of Civil Procedure, [Doc. 1-1 ¶1], but this statute does not provide any civil right of private action. Plus, the allegation that Plaintiff had "a legal duty to abort eviction pursuant to O.C.G.A. [§] 51-1-6," [id.], does not present a federal question because O.C.G.A. § 51-16 is a state statute.

4

federal district courts shall have original jurisdiction over civil cases where the matter in controversy exceeds $75,000 and is between "citizens of different States").

Based on the foregoing, the Court finds it lacks subject matter jurisdiction under 28 U.S.C. § 1441. Therefore, this case is hereby **REMANDED** to the Magistrate Court of Clayton County.

**SO ORDERED**, this   18th   day of July, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE